UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 4:13-cr-0022-TWP-MGN |
| PHILLIP T. NASH, | ) ) ) | |
| Defendant. | ) | |

**ENTRY DENYING DEFENDANT'S REQUEST
FOR EVIDENTIARY HEARING**

Defendant Phillip T. Nash ("Mr. Nash"), by counsel, Stephen Dillon, has moved the Court for an order to set this matter for an evidentiary hearing for the purpose of suppressing evidence obtained as a result of the illegal search of Defendant's property (Dkt. 22). The United States of America, by Assistant United States Attorney William McCoskey (the "Government"), filed its Response in Opposition to the evidentiary hearing and the Motion to Suppress (Dkt. 24). After reviewing the parties' briefs and exhibits in support thereof, the Court declines to set this matter for an evidentiary hearing on the Motion to Suppress. To promote the orderly progression of this matter, the Court makes the following findings:

The Court finds that a hearing is not required on the Motion to Suppress as Mr. Nash has not demonstrated a significant factual dispute that must be resolved. See *United States of America v. Sophie*, 900 F.2d 1064 (7th Cir. 1990). To obtain an evidentiary hearing, a defendant must provide sufficient information to enable the court to conclude that a substantial claim was presented and that there were disputed issues of material fact affecting the outcome of the motion. *United States v. Greve,* 490 F.3d 566, 572 (7th Cir. 2007) (citing *United States v. Juarez,* 454 F.3d 717, 719 (7th Cir.2006)). The Seventh Circuit places the onus on a defendant

1

seeking an evidentiary hearing on a motion to suppress to specifically allege a definite disputed factual issue and to demonstrate its materiality. *United States v. McGaughy,* 485 F.3d 965, 969 (7th Cir. 2007). Here, the material facts are not in dispute. Mr. Nash does not dispute that he voluntarily allowed the confidential informant ("C.I.") to enter his home, that unbeknownst to Mr. Nash, the C.I., acting under the control of law enforcement, secretly collected data inside of his residence using both audio and video recording devices. The information collected was then used by law enforcement officers to obtain a search warrant to Mr. Nash's residence.

As Mr. Nash has failed to identify any material facts in dispute, the request for an evidentiary hearing is **DENIED**. A ruling on Mr. Nash's Motion to Suppress (Dkt. 22) will be issued in due course.

**SO ORDERED.**

Dated: 09/12/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Stephen Dillon
DILLON LAW OFFICE
steve@dillonlawindy.com

William McCoskey
OFFICE OF THE UNITED STATES ATTORNEY
william.mccoskey@usdoj.gov